UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY R. GONZALES AND
LONNIE MATTHEW GONZALES           CIVIL ACTION

VERSUS                            NO. 13-644-SDD-RLB

T. BAKER SMITH, LLC f/d/b/a
T. BAKER SMITH, INC. f/d/b/a
T. BAKER SMITH & SON, INC.,
LUCIEN J. CUTRERA, KENNETH W.
SMITH, JASON KENNEDY AND
ANNETTE HUBER

## RULING

This matter is before the Court on the *Motion to Dismiss* filed by the Defendants, T. Baker Smith, Kenneth W. Smith, Jason Kennedy, and Annette Huber. ("Defendants").[1] Plaintiffs, Ashley R. Gonzales and Lonnie Matthews Gonzales ("Plaintiffs") have filed an *Opposition* to the motion.[2] For the reasons which follow, the Court finds that the Defendants' motion should be granted.

### I.  FACTUAL BACKGROUND

Plaintiff Ashley Gonzales was employed as a Project Assistant/Controller with T. Baker Smith, LLC. Ashley was assigned to work with all engineers in the office, but mostly worked for Lucien Cutrera ("Cutrera"). Ashley alleges that Cutrera subjected her to a hostile work environment by continually harassing her on the basis of her gender. Ashley

---

[1] Rec. Doc. No. 23.

[2] Rec. Doc. No. 26.

further contends that the other Defendants' "failure to act and tacit consent may also include acts of negligence and/or negligent supervision or their inaction promoted and/or emboldened Cutrera to continue his pattern of conduct creating a hostile work environment directed to Gonzales and indirectly causing turmoil to L. Gonzales' life..."[3] Ashley claims the Defendants are liable to her for mental, emotional, and physical injuries she has suffered from their alleged violations of state and federal law. Ashley's husband, Plaintiff Lonnie Matthew Gonzales, asserts a claim for loss of consortium under state law.

Defendants, T. Baker Smith, Kenneth W. Smith, Jason Kennedy, and Annette Huber, move to dismiss Plaintiffs' state law claims of negligence under Louisiana Civil Code article 2315, arguing that Louisiana's Worker Compensation law is the exclusive remedy for any and all claims of negligence against an employer in the workplace.[4] Plaintiff's contend the injuries alleged fall outside of the exclusivity of worker's compensation: specifically, that Ashley's mental injury was not the result of a "sudden, unexpected and extraordinary stress" as set forth in Louisiana Revised Statute § 23:1021(8)(b).[5]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss under Rule 12(b)(6)

When a court considers a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the

---

[3] Rec. Doc. No. 1, ¶ 71.

[4] La. R.S. 23:1032(A)(1)(a).

[5] This provision was previously La. R.S. 23:1021(7)(b).

cause of action in order to make out a valid claim."[6] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.' "[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[9] Furthermore, "[a] complaint does not 'suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement.' "[10]

### B. Louisiana Workers' Compensation Law Bars Negligence Claims Against Employers

The Louisiana Workers' Compensation Act ("LWCA") specifically provides that an employee's rights under the statute are exclusive of all other rights, remedies and claims for damages.[11] Louisiana courts have interpreted this law to mean that an employee cannot sue his employer for damages in tort.[12]

In *Bertaut v. Folger Coffee Company*, the court dismissed a plaintiff's suit based on

---

[6] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010).

[7] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[8] *Id.* (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

[9] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005).

[10] *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D. La. 5/1/12), *quoting Ashcroft*, 556 U.S. at 677, 129 S.Ct. at 1949).

[11] La. R.S. 23:1032(A)(1)(a).

[12] *Pearson v. IHOP*, No. 09-3071, 2010 WL 971798 (E.D. La. 3/10/10). *See also Jones v. GeoEngineers, Inc.*, No. 10-232, 2011 WL 1347989, at *6 (M.D. La. 4/8/11); *Barton v. Checkers Drive-in Restaurants, Inc.*, No. 11-186, 2011 WL 1193061, at *4 (E.D. La. 3/28/11); *Parnell v. C.Martin Co., Inc.*, No. 10-184, 2010WL 925290, at *2 (E.D. La. 3/10/10); *Oramous v. Military Dept.*, No. 05-3677, 2007 WL 1796194, at *9 (E.D. La. 6/18/07).

the workers' compensation bar.[13] The plaintiff had sued her employer for injuries arising out of negligent infliction of emotional distress, failure to train, and failure to supervise.[14] The employee alleged that she had been subjected to ongoing harassment by a co-worker. The court found that, as a matter of law, those claims all arose out of the employment relationship between the plaintiff and the defendant. As such, the plaintiff's exclusive remedy was workers' compensation, not tort damages.[15]

The same result was reached in *Pearson v. IHOP*, where the plaintiff was raped by a co-worker, and she alleged that her employer's negligence caused the rape.[16] Relying on the *Bertaut* case discussed above, the *Pearson* court held that the plaintiff's claims of negligence against her employer were barred by the LWCA.[17]

Plaintiffs have not alleged intentional acts by the Defendants who bring this motion.[18] Further, while Plaintiffs argue that the injuries suffered are not the types of workplace injuries covered by the LWCA, Plaintiffs fail to offer any jurisprudential support for their position, or distinguish the case of *Tumbs v. Wemco, Inc.*, where the court rejected the same argument made by the Plaintiff in the present case.[19] In *Tumbs*, the plaintiff sued

---

[13] No. 06-2437, 2006 WL 2513175 (E.D.La. 8/29/06).

[14] *Id.* at *3.

[15] *Id.*

[16] *Pearson*, 2010 WL 971798, at *3.

[17] *Id.* at * 4.

[18] Plaintiffs' suggestion that, by alleging a violation of La. C.C. art. 2315, they have sufficiently pled all delicts under *respondeat superior* which encompasses both intentional and negligent acts, is without merit. Plaintiffs have failed to plead that these particular Defendants committed intentional torts in their *Complaint*.

[19] 97-2437 (La. App. 4 Cir. 4/22/98), 714 So.2d 761.

her supervisor for emotional and physical distress arising out of negligent and intentional emotional distress or harassment at her place of employment. The trial court found that, to the extent the plaintiff's claims sounded in negligence, they were barred by the LWCA's exclusive remedy rule, and the appellate court affirmed this holding.[20] On appeal, the plaintiff argued that, because the "harassment of which she complains was chronic, it is not compensable under the [LWCA] which requires that employment related mental distress requires proof of a 'sudden, unexpected, and extraordinary stress related to the employment...'"[21] The court rejected this argument, holding:

> The Worker's Compensation law requirement that mental distress be related to the "sudden, unexpected and extraordinary stress" was not imposed with the intention of creating an exception to the exclusive remedy rule for chronic stress occurring over time. Rather the requirement was imposed as a standard of **proof** because of the elusive nature of claims for mental distress where not caused by physical trauma or a sudden definable event ... Nothing in Bass suggests that a plaintiff who fails to meet the standard of proof set forth in LSA-R.S. 1021(7)(b) should be rewarded for the weakness of her case by being then permitted to pursue an otherwise prohibited claim in ordinary negligence.[22]

Because the law is clear that the LWCA bars negligence claims against employers for workplace injuries, the Defendants' motion is GRANTED. Likewise, Plaintiff Lonnie Gonzales' claim for loss of consortium is also dismissed as it is barred by the LWCA.[23]

---

[20] Id. at 763.

[21] Id., citing Bass v. Farmer & Cheatham, 94-1281 (La. App. 1 Cir. 6/30/95), 658 So.2d 324, 327, writ denied, 664 So.2d 423.

[22] Id. at 764 (emphasis in original). See also, Richardson v. Home Depot USA, 2000-0393, (La. App. 1 Cir. 3/28/01), 808 So.2d 544, 549.

[23] See Fontenot v. Citgo Petroleum Corp., No. 12-02832, 2013 WL 5781310, at *2 (W.D.La. 10/24/13)(quoting Temple v. Sherman, 856 So.2d 77, 79 (La.Ct.App .2003) (citing Whiddon v. Livingston Parish Council, 809 So.2d 421 (La.Ct.App.2001); writ denied, 807 So.2d 837 (La.Ct.App.2002) ("A claim by the spouse of an injured worker for loss of consortium is barred when the injury is covered by worker's compensation.")).

## III.   CONCLUSION

For the reasons set forth above, the *Motion to Dismiss* filed by the Defendants, T. Baker Smith, Kenneth W. Smith, Jason Kennedy, and Annette Huber is GRANTED. The state law negligence claims against T. Baker Smith are dismissed with prejudice. Defendants Kenneth W. Smith, Jason Kennedy, and Annette Huber, are hereby dismissed from this action with prejudice, as the state law negligence claims are the only claims brought against these Defendants. Plaintiffs' alternative request for leave to amend their *Complaint* is DENIED.[24]

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 7 day of March, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[24] Plaintiffs' alternative request to amend their *Complaint* to allege claims that might become appropriate through the course of discovery is premature and speculative at this stage in the litigation.