UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY R. GONZALES AND
LONNIE MATTHEW GONZALES

CIVIL ACTION

VERSUS

NO. 13-644-SDD-RLB

T. BAKER SMITH, LLC f/d/b/a
T. BAKER SMITH, INC. f/d/b/a
T. BAKER SMITH & SON, INC.,
LUCIEN J. CUTRERA, KENNETH W.
SMITH, JASON KENNEDY AND
ANNETTE HUBER

## RULING

This matter is before the Court on the *Motion for New Trial and/or Motion for Reconsideration*[1] and the *Motion Requesting Entry of Judgment*[2] filed by Plaintiffs, Ashley R. Gonzales and Lonnie Matthew Gonzales ("Plaintiffs"). The Defendants, T. Baker Smith, Kenneth W. Smith, Jason Kennedy, and Annette Huber ("Defendants") have filed an *Opposition*[3] to Plaintiffs' *Motion for New Trial and/or Motion for Reconsideration*. For the reasons which follow, the Court finds that Plaintiffs' motions should be denied.

**I.    *MOTION FOR NEW TRIAL/RECONSIDERATION***

The motion was filed within 28 days of the relevant ruling; thus, it is evaluated pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion calls

---

[1] Rec. Doc. No. 38.

[2] Rec. Doc. No. 37.

[3] Rec. Doc. No. 40.

Doc 1404                                   1

into question the correctness of a judgment."[4] However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[5] Rather, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered evidence."[6] The Court finds that neither of these grounds have been presented by the Plaintiffs in this case. Simply disagreeing with the Court's decision is not a grounds for reconsideration.

The Plaintiffs have failed to allege intentional acts against the Defendants previously dismissed. Plaintiffs identify the following allegations as intentional acts:

(a) by failing to take appropriate action to stop Cutrera's behavior;

(b) by failing to give serious consideration to Gonzales' pleas for help;

(c) by failing to remove Gonzales from the hostile work environment created by Cutrera;

(d) by emboldening and tacitly consenting to Cutrera's conduct directed to and at Conzales; and

(e) by failing to terminate Cutrera for his conduct...[7]

Plaintiffs cite language from *Katz v. Dole*[8] in support of their contention that such language "demonstrates that intentional acts can be committed when co-employees are

---

[4] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(citation and quotations omitted).

[5] *Id.* at 479.

[6] *Id.* (citations and quotations omitted).

[7] Rec. Doc. No. 38-1, p. 2, quoting Rec. Doc. No. 1, ¶ 71.

[8] 709 F.2d 251 (4th Cir. 1983), abrogated on other grounds by *Mikels v. City of Durham, NC*, 183 F.3d 323, 329 (4th Cir. 1999).

silent." The holding of *Katz* is inapplicable to the issue before the Court. *Katz* did not hold that the allegations against the plaintiff's co-workers were intentional torts under Louisiana law; rather, the court merely held that, "[w]here, as here, the employer's supervisory personnel manifested unmistakable acquiescence in or approval of the harassment, the burden on the employer seeking to avoid liability is especially heavy."[9] Contrary to Plaintiffs' position, *Katz* does not support their argument. The law is clear that, "relief granted under Title VII is against the employer, not against the individual employees whose actions constituted a violation of Title VII."[10] In citing *Katz*, Plaintiffs seem to misunderstand the Court's ruling, wherein it found that Plaintiffs failed to alleged intentional torts against the individual Defendants. The Court has not held that Plaintiff's employer may not be held liable under Title VII for the alleged acts/failures committed by these various employees if Plaintiff bears her burden at trial. However, this language does not transform Plaintiffs' allegations from negligence to intentional tort.

Plaintiffs clearly and unequivocally alleged intentional infliction of emotional distress against Defendant Lucien Cutrera, stating that "he actively desired to harm Gonzales and L. Gonzales both mentally, emotionally, and physically."[11] No such allegations are made against the other individual Defendants; Plaintiffs refer to these Defendants' "actions and failure to act" claiming that their "tacit consent may also include acts of negligence and/or negligent supervision ... Either way, those actions also violated Louisiana Civil Code article

---

[9] *Id.* at 256.

[10] *Galbreth v. Bellsouth Telecommunications, Inc.*, 896 F.Supp. 631, 633 (E.D. La. 1995)(quoting *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)(quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991))(internal quotation marks omitted).

[11] Rec. Doc. No. 1, ¶ 69.

2315."[12]  These allegations do not state that these particular Defendants actively desired to bring about the results of their acts, or believed that they were substantially certain to follow.[13]  Thus, Plaintiffs' *Motion for Reconsideration* on dismissal of the individual Defendants is DENIED.

Furthermore, Plaintiffs' attempt to distinguish *Tumbs v. Wemco, Inc.*[14] falls short. For the same reasons set forth in *Tumbs* and the other cases relied upon by the Court in its previous *Ruling*, the Plaintiffs' *Motion for Reconsideration* as to the exclusivity of the Louisiana Worker's Compensation law is DENIED.

## II.  *MOTION FOR ENTRY OF JUDGMENT*

Plaintiffs have requested a separate judgment under Rules 58(a) and 58(d) of the Federal Rules of Civil Procedure.  For the reasons that follow, the Court believes that it would be inappropriate to do so at this juncture.  The provisions of Rule 58 are modified by those of Rule 54(b) which provide that judgment may be entered as to fewer than all parties to an action only if the Court "... expressly determines that there is no just reason for delay." Rule 54(b) requests should not be granted routinely and are appropriate only after considering the judicial administrative interests as well as the other equities involved.[15]

In *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, the Fifth Circuit stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court

---

[12] Rec. Doc. No. 1, ¶ 71.

[13] *See Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981).

[14] 97-1437 (La. App. 4 Cir. 4/22/98), 714 So.2d 761, *writ denied*, 98-1750 (La. 10/9/98), 726 So.2d 34.

[15] *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002).

Doc 1404                                                      4

may direct entry of a final judgment as to one or more but fewer than all of the claims … only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." … One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; **it should not be entered routinely as a courtesy to counsel.**[16]

The Court's *Ruling* of March 7, 2014, dismissed all of Plaintiffs' claims asserted in this matter against Defendants Kenneth W. Smith, Jason Kennedy, and Annette Huber, and is, therefore, an ultimate disposition of all of Plaintiffs' claims as to these individual Defendants. Accordingly, the Court concludes that it is a final judgment as to the claims asserted against Kenneth W. Smith, Jason Kennedy, and Annette Huber. The Court's analysis, however, does not end here; the Court must now determine whether there is any just reason for delay.[17]

The determination of whether "there is no just reason for delay" lies "within the sound discretion of the district court."[18] However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[19] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the

---

[16] 81 F. 3d 1412, 1421 (5th Cir. 1996)(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985))(emphasis added).

[17] *First American Title Co. v. Titan Title, LLC*, 2012 WL 1065486, *1 (M.D.La. 3/28/02)("Once having found finality, the district court must go on to determine whether there is any just reason for delay.")

[18] *Ichinose v. Travelers Flood Ins.,* 2007 WL 1799673, *2 (E.D.La. 6/21/07).

[19] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980)(citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)).

danger of denying justice by delay on the other.'"[20] One main factor that the court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"[21] "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[22]

The Fifth Circuit has also explained that "[w]hen some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness."[23]

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case. The Court concludes that the claims asserted against Kenneth W. Smith, Jason Kennedy, and Annette Huber, are not so distinct from the remaining claims to warrant certification. The Court further concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment. Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying

---

[20] *Ichinose v. Travelers Flood Ins.,* 2007 WL 1799673, *2 (E.D.La. 6/21/07) (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)).

[21] *Id.* (citing *H & W Indus., Inc. v. Formosa Plastics Corp.*, USA, 860 F.2d 172, 175 (5th Cir. 1988)(quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980))).

[22] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2659 (3rd ed. 1998).

[23] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

justice by delay.

Accordingly, the *Motion Requesting Entry of Judgment*[24], is hereby DENIED.

## III.  CONCLUSION

For the reasons set forth above, the *Motion Requesting Entry of Judgment*[25] and the *Motion for New Trial and/or Reconsideration*[26] filed by Plaintiffs are DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on April 30, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. No. 37.

[25] Rec. Doc. No. 37.

[26] Rec. Doc. No. 38.